# Dingee *versus* Jackson.

The Court below were asked to say that "there is no evidence of fraud or mistake in this case;" which was refused, because the judge thought there was some evidence for the consideration of the jury.   *Held*, that no call having been made on the trial upon the party who alleged fraud or mistake to indicate the evidence relied on to prove it, and the evidence not being specified and embodied in the bill of exceptions, this Court would not reverse on account of such refusal and submission.

ERROR to the Common Pleas of *Chester county.*

This was an action of *assumpsit*, brought in November, 1847, by John Jackson, who was a laboring man advanced in life, against Jacob Dingee, to recover wages for four years' services, alleged to have been rendered to Dingee in the capacity of a hired servant on his farm, between 1842 and 1846.

The plea was *non assumpsit infra sex annos.*

The defendant resisted the claim, alleging a settlement between the parties December, 1844, and payment to Jackson in full of the balance of $7.50, found due him : and that although the plaintiff continued for two years afterwards to live with the defendant, he was not in his service.

On his part was exhibited a submission made of all matters in difference, in August, 1846, to three persons, and an award in writing, dated December 26, 1846.   The award was for $14.56 in favor of Dingee.

The plaintiff controverted the alleged fact of settlement, and denied the validity of the award.   The controversy before the jury related principally to the account between the parties, the settlement and the award.

The settlement having been proved by two witnesses, the defendant's counsel contended that that settlement was conclusive, unless upon proof of fraud or mistake—that the existence of fraud or mistake, in order to invalidate the settlement must be proved, and could not be presumed without proof; and that there was no evidence of fraud or mistake : and he submitted points to that effect.

[Dingee v. Jackson.]

The last point was—" *There is no evidence of fraud or mistake.*" The Court was asked so to charge.

The Court declined to charge as requested, and this was assigned for error.

The opinion of the Court was delivered by

LEWIS, J.—The Court was asked to say that "there is no evidence of fraud or mistake in this case." This direction was refused, because the President Judge thought that there was some evidence for the consideration of the jury, and the cause was submitted for their decision. In The Lancaster County Bank v. Albright, 1 *Am. Law Reg.* 633, 9 *Harris* 228, it was declared that a point put in this way to the Court was "not according to good practice, and that a better way would be to call on the opposite counsel to indicate in writing the evidence relied on," and then ask the instruction of the Court upon it as thus specified. In Garrett v. Jackson, 8 *Harris* 336, it was held that "when the Court was asked to say that there is evidence of a particular fact, such evidence ought to be distinctly indicated. To say that evidence exists on a certain subject, is not making a point of *law* which the Court is bound to respond to. It is no error to refer such a question to the jury." "A party may entitle himself to the opinion of the Court on the legal effect of any portion of the evidence, but not without specifically referring to it in his prayer for instructions." No call was made upon the opposite counsel to indicate the evidence relied upon to prove fraud or mistake in this case, and it was not specified in writing. If we reversed the decision, it would be for error in the judgment of the Court upon a question of *fact*. It is manifest that we cannot safely review such a decision unless the attention of the Court and counsel be particularly called to the point on the trial, and the evidence relied upon be specified and embodied in the bill of exception. If the Court of Review is compelled to examine the loose and imperfect notes of all the testimony in the cause, for the purpose of finding the evidence of a particular fact, there would be great danger of doing injustice. The particular circumstances relied upon might have been imperfectly reduced to writing, or might escape attention. When we are asked to "*seek for a needle in a hay-stack,*" the probability is that we should not find it. We ought not to reverse for a refusal to take the cause from the jury, except in a very clear case. The error here assigned is not clearly established according to the proper practice, and the judgment is to be affirmed.

Judgment affirmed.